UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>WARDEN BRENT FLUKE, MIKE DURFEE STATE PRISON; AND ATTORNEY GENERAL MARTY JACKLEY,<br><br>　　　　　　　Respondents. | 5:18-CV-05040-JLV<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Pending before the court is Petitioner Rex Gard's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a motion to dismiss, stating that the petition is "second or successive" under 28 U.S.C. § 2244 and Mr. Gard failed to obtain the necessary order of authorization from the Eighth Circuit before filing the petition. (Docs. 8, 9). Mr. Gard filed a response opposing the motion to dismiss. (Doc. 10). The case was referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Chief Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

## PROCEDURAL HISTORY

Petitioner Rex Gard filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 19, 2018. Mr. Gard is an inmate at the Mike Dufree State Prison in Springfield, South Dakota, pursuant to a state court

1

judgment of conviction. Mr. Gard again challenges his 2005 conviction in which a jury found him guilty of thirteen counts of grand theft, six counts of forgery, and one count of conspiracy to commit grand theft. This court previously considered Mr. Gard's habeas petition regarding the same conviction. Gard v. Weber, 5:10-CV-5017-JLV (D.S.D. Mar. 3, 2012). That petition was decided on the merits and dismissed with prejudice on March 3, 2012. Id. at Doc. 36. Mr. Gard appealed the district court's dismissal to the Eighth Circuit. On September 4, 2012, the Eighth Circuit issued an order dismissing the appeal and denying Mr. Gard's application for a certificate of appealability. Id. at Doc. 48.

Now pending is Mr. Gard's second § 2254 petition in this court. (Doc. 1). Mr. Gard has made no showing that he received permission from the Eighth Circuit Court of Appeals to file a second or subsequent petition for a writ of habeas corpus as required by 28 U.S.C. § 2244(b)(3)(A). Mr. Gard admits that he was unaware he had to obtain an order of authorization from the Eighth Circuit. (Doc. 10 at p. 1).

## **DISCUSSION**

The filing of a second or subsequent petition for habeas relief by a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254, is sharply circumscribed:

> (b)    (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>         (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not

2

>presented in a prior application shall be dismissed unless—
>
>>(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>>(B)   (i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>>>(ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>**(3)   (A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**

See 28 U.S.C. § 2244(b)(1) – (3) (emphasis supplied).  If a § 2254 petition qualifies as a "second or successive" petition, the failure of a prisoner to first obtain the order of authorization from the appropriate appellate court deprives the district court of subject matter jurisdiction to hear the petition.  See Burton v. Stewart, 549 U.S. 147, 157 (2007).

"[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."  Gonzalez v. Crosby, 545 U.S. 524, 530 (2005).  "The better practice if a petitioner mistakenly files a second or successive petition in the district court is for the district court to transfer the petition pursuant to 28

3

U.S.C. § 1631 to the appellate court instead of dismissing." Estensen v. United States, 4:17-CV-04071-KES, 2017 WL 9292611, at *4 (D.S.D. Dec. 6, 2017) (citing Askew v. Bradshaw, 636 Fed. Appx. 342, 345 n.1 (6th Cir. 2016)).

Mr. Gard's previous § 2254 petition, which was timely filed in this court, contended that the 65-year sentence imposed by the state trial court violated the Eighth Amendment, and that his trial counsel was ineffective. In his pending petition, Mr. Gard again alleges ineffective assistance of trial counsel. Mr. Gard also argues for the first time that his appellate counsel was ineffective. Additionally, Mr. Gard claims his habeas counsel was ineffective; his conduct was criminalized retroactively under an *ex post facto* law; and the prosecution violated the South Dakota Constitution and the United States Constitution. (Docs. 1-1, 1-2). Mr. Gard must present his petition to the Eighth Circuit Court of Appeals to determine whether he has met the necessary qualifications under § 2244(b)(1)–(3) for second or successive petitions. Unless and until Mr. Gard obtains permission from the Eighth Circuit to file his current claims, this court is without jurisdiction to consider them.

## CONCLUSION

Based on the foregoing reasons, it is respectfully recommended that Respondents' Motion to Dismiss (Doc. 8) be granted and that Mr. Gard's § 2254 petition (Doc. 1) be dismissed without prejudice, pending permission from the Eighth Circuit Court of Appeals to file a second or successive § 2254 petition. It is further recommended that Mr. Gard's motion for appointment of counsel (Doc. 3) be denied as moot.

## **NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 29th day of March, 2019.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge