UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>                     Petitioner,<br><br>    vs.<br><br>BRENT FLUKE, Warden, Mike Durfee<br>State Prison; JASON RAVNSBORG,[1]<br>Attorney General,<br><br>                 Respondents. | CIV. 18-5040-JLV<br><br><br><br>ORDER |

## INTRODUCTION

Petitioner Rex Gard filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket 1). Mr. Gard asserts "an actual innocence claim as well as ineffective assistance of trial, appeal, and habeas counsel" violating the federal and South Dakota constitutions. Id. at ¶ 2. However, the majority of Mr. Gard's petition is devoted to allegations that the South Dakota Department of Corrections and the staff at the Mike Durfee State Prison in Springfield, South Dakota, are not providing adequate legal assistance or access to legal materials to prisoners. Id. at ¶¶ 3, 5-13. Respondents moved to dismiss the petition. (Docket 9). Mr. Gard resists the motion to dismiss. (Docket 10).

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Jason Ravnsborg is automatically substituted for Marty Jackley, Attorney General.

Pursuant to a standing order of April 1, 2018, the matter was referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation ("R&R"). The magistrate judge recommended the court dismiss this petition without prejudice because Mr. Gard failed to obtain permission from the United States Court of Appeals for the Eighth Circuit as required by 28 U.S.C. § 2244(b)(3)(A). (Docket 11). Mr. Gard timely objected to the R&R. (Docket 12). The court reviews de novo those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). For the reasons given below, the court overrules Mr. Gard's objections, adopts the R&R as supplemented by this order, and dismisses the petition. After the R&R was filed, Mr. Gard moved for a stay "on these proceedings" to request leave from the Eighth Circuit to file a subsequent habeas petition. (Docket 13). The court denies the motion for a stay.

## DISCUSSION

### I. Procedural History

Mr. Gard was convicted in a South Dakota jury trial of 13 counts of theft, 6 counts of forgery, and 1 count of conspiracy to commit grand theft. State v. Gard, 742 N.W.2d 257, 259 (S.D. 2007). The state court judge sentenced Mr. Gard to 65 years of prison. Id. The South Dakota Supreme Court affirmed the conviction. Id. Mr. Gard petitioned for a writ of habeas corpus in South

Dakota state court, which was denied.  See Docket 9-6 (respondents' copy of the order denying the writ).  The South Dakota Supreme Court denied a certificate of probable cause that an appealable issue existed.  (Docket 9-10).

Mr. Gard then filed his first petition for a writ of habeas corpus in this court.  Gard v. Weber, Civ. 10-5017, Docket 1 (D.S.D. Mar. 25, 2010).  The first petition alleged his state court sentence violated the Eighth Amendment and his trial counsel was ineffective.  Id., Docket 36 at p. 13 (D.S.D. Mar. 3, 2012).  The court denied Mr. Gard's petition.  Id. at p. 29.  The Eighth Circuit denied Mr. Gard's application for a certificate of appealability and dismissed his appeal.  Id., Docket 48.  Mr. Gard filed his second petition for a writ of habeas corpus on June 14, 2018.  (Docket 1).

The magistrate judge recommended the court dismiss the second petition without prejudice because Mr. Gard did not obtain permission from the Eighth Circuit to file the second petition.  (Docket 11 at p. 4).  In his objections to the R&R, Mr. Gard restates the merits of his petition but does not state he obtained permission from the Eighth Circuit to file the petition.  (Docket 12).

## II.    **Legal Standard**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on circumstances of

confinement may be presented in a § 1983 action." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004).

"Before a second or successive [petition for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." 28 U.S.C. § 2244(b)(3)(A).

## III.    **Analysis**

Mr. Gard's petition presents two distinct issues.  First, he explicitly seeks habeas relief, "fil[ing] this subsequent petition for writ of habeas corpus based on an actual innocence claim as well as [an] ineffective assistance of trial, appeal, and habeas counsel" claim.  (Docket 1 at ¶ 2).  Second, Mr. Gard asserts the South Dakota Department of Corrections and prison officials are violating his constitutional right to access legal materials.  <u>Id.</u> at ¶¶ 3, 5-13. Although these two claims require separate legal analyses, the court concludes they must both be dismissed without prejudice.

Mr. Gard's first claim is an unauthorized second or successive petition for a writ of habeas corpus.  The court denied Mr. Gard's first petition on its merits, which include the claims Mr. Gard presents in his second petition. <u>Gard v. Weber</u>, Civ. 10-5017, Docket 36 (D.S.D. Mar. 3, 2012).  Mr. Gard did not seek permission from the Eighth Circuit to file the present petition.  <u>See</u> Docket 10 at p. 1 (admitting Mr. Gard was "not aware" of the appellate court authorization requirement).  Agreeing with respondents and the magistrate judge, the court concludes it must dismiss Mr. Gard's first claim as an

unauthorized second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). Mr. Gard's objections, to the extent they attack the magistrate judge's conclusion on this point, are overruled and the R&R is adopted.

The court must also deny Mr. Gard's request for a stay. He asks for a stay "in order to request leave to file a subsequent habeas" petition from the Eighth Circuit. (Docket 13). However, successive habeas petitioners must obtain appellate permission "[b]efore a second or successive [petition] is filed in the district court[.]" 28 U.S.C. § 2244(b)(3)(A). The statutory language does not contemplate successive habeas petitioners obtaining appellate permission after their successive petition has been filed in the district court. The appropriate procedure here is for the court to dismiss Mr. Gard's present successive habeas petition. Mr. Gard may then seek permission from the Eighth Circuit to file a successive habeas petition and, if permission is granted, refile his petition in this court.

Neither respondents nor the magistrate judge evaluated Mr. Gard's second claim concerning access to legal materials. This claim was not raised in Mr. Gard's first habeas petition and so may not be second or successive.[2] See Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) ("[A] habeas petition raising a claim that had not arisen at the time of a previous petition is not barred by § 2244(b)[.]"). However, the court concludes the second claim is not

---

[2]Mr. Gard did file an *ex parte* motion seeking access to "an unlimited number of copies of case law, or a research based software" in his first habeas petition. Gard v. Weber, Civ. 10-5017, Docket 28 (D.S.D. July 11, 2011). That motion did not assert state authorities were violating his constitutional right to legal materials.

properly characterized as a habeas claim.  It does not challenge the "validity of any confinement or . . . particulars affecting its duration[.]"  Muhammad, 540 U.S. at 750.  Instead, it "requests relief turning on circumstances of confinement[.]"  Id.  Such a claim may be brought under § 1983.  Id.  The appropriate course of action is to dismiss the second claim without prejudice and allow Mr. Gard to refile the claim, if he chooses, under § 1983.  Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (dismissing without prejudice habeas claim properly characterized as a § 1983 claim).

The court notes Mr. Gard frequently files § 1983 cases in the Southern Division of this court and is familiar with the standards applicable to suits brought under that statute.  See Gard v. Kaemingk et al., Civ. 13-4062; Gard v. Dooley et al., Civ. 14-4023; Gard v. Dooley et al., Civ. 14-4179; Gard v. Dooley et al., Civ. 14-4183.  The court discerns little prejudice in requiring Mr. Gard to pursue his claim under the appropriate statute.

Mr. Gard's objections to the R&R concerning the magistrate judge's refusal to evaluate his claim regarding access to legal materials are overruled.  Although the magistrate judge did not consider this claim separately, the court nevertheless accepts her recommendation that the petition be dismissed without prejudice in its entirety.

**ORDER**

For the reasons given above, it is

ORDERED that Mr. Gard's objections to the report and recommendation (Docket 12) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 11) is adopted as supplemented by this order.

IT IS FURTHER ORDERED that respondents' motion to dismiss the petition (Docket 8) is granted.

IT IS FURTHER ORDERED that Mr. Gard's petition (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Mr. Gard's motion to appoint counsel (Docket 3) is denied as moot.

IT IS FURTHER ORDERED that Mr. Gard's motion for a stay (Docket 13) is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability. Although the court declines to issue a certificate of appealability, Mr. Gard may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Federal Rule of Appellate Procedure 22. See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. App. P. 22.

Dated July 9, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY VIKEN
CHIEF JUDGE