UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>                Petitioner,<br><br>   vs.<br><br>BRENT FLUKE, Warden, Mike Durfee State Prison; JASON RAVNSBORG, Attorney General,<br><br>                Respondents. | CIV. 18-5040-JLV<br><br>ORDER |

      The court dismissed petitioner Rex Gard's petition for a writ of habeas corpus. (Docket 14). Mr. Gard filed a request for a certificate of appealability that the court construed as a notice of appeal. (Dockets 16 - 18). The United States Court of Appeals for the Eighth Circuit directed Mr. Gard to either pay the $505 appellate filing fee or move for leave to appeal *in forma pauperis*. (Docket 20). Mr. Gard twice moved for leave to appeal *in forma pauperis* and filed the required prisoner trust account report. (Dockets 22-24). The court denies Mr. Gard's motion.

      The process for seeking leave to proceed *in forma pauperis* on appeal as a prisoner is remarkably complex. It is governed by both 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 requires a prisoner to file "an affidavit that includes a statement of all assets" and that "shall state the nature of the . . . appeal" along with a prisoner trust account report. 28 U.S.C. §§ 1915(a)(1), (2). Section 1915 further requires the court to determine if the

appeal is taken in "good faith." Id. at § 1915(a)(3). "Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant." Maddox v. Chisago Cty. Sheriff Office, No. 10-CV- 2133, 2010 WL 3119393, at *2 (D. Minn. Aug. 5, 2010) (citing Coppedge v. United States, 369 U.S. 438, 444-45 (1962)). In determining whether an appeal is taken in good faith, the court must decide "whether the claims to be decided on appeal are factually or legally frivolous." Id. (citing Coppedge, 369 U.S. at 444-45). "An appeal is frivolous, and therefore cannot be taken in good faith, 'where it lacks an arguable basis either in law or in fact.' " Id. (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Rule 24 requires an appellant seeking to proceed *in forma pauperis* on appeal to so move in the district court and file an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

The court cannot grant Mr. Gard leave to appeal *in forma pauperis* because he did not file an affidavit with the required information. Neither of Mr. Gard's affidavits state what issues he intends to present on appeal. See 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(C). The court also concludes Mr. Gard's appeal is not taken in good faith because it is legally frivolous. Mr. Gard's

2

habeas petition was filed without the required permission from the Eighth Circuit and his claim regarding access to legal materials was brought under the incorrect statute. (Docket 14 at pp. 4-6). The court finds Mr. Gard would "lack[] an arguable basis either in law or in fact" in contesting these foundational errors with his case on appeal. Neitzke, 490 U.S. at 325.

Accordingly, it is

ORDERED that Mr. Gard's motions to proceed *in forma pauperis* on appeal (Dockets 22 & 24) are denied.

IT IS FURTHER ORDERED that Mr. Gard shall pay the $505 appellate filing fee to the Clerk of the United States District Court for the District of South Dakota.

Dated August 5, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE